**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Cristo Rey Ortiz-Arias,<br><br>    Defendant/Movant. | No. CV 17-429-TUC-CKJ<br>     CR 16-1145-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Amended Motion") (CV 17-429, Doc. 4) filed by Movant Cristo Rey Ortiz-Arias ("Ortiz-Arias"). A response (CV 17-429, Doc. 8) has been filed by the government. Additionally, Ortiz-Arias filed an additional Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Second Amended Motion") (Doc. 7). This Second Amended Motion does not indicate a copy has been served on the government; the government has not filed a response to the Second Amended Motion.

I. *Factual and Procedural Background*

On June 8, 2016, Ortiz-Arias was indicted on one count of Conspiracy to Possess with Intent to Distribute Marijuana, one count of Possession with Intent to Distribute Methamphetamine, one count of Conspiracy to Import Methamphetamine, and one count of Importation of Methamphetamine (CR 16-1145, Doc. 8). On November 3, 2016, Ortiz-Arias pleaded guilty to Conspiracy to Import Methamphetamine pursuant to a plea agreement (CR 16-1145, Docs. 22 and 23).

The plea agreement provided Ortiz-Arias could withdraw from the plea agreement if he received a sentence in excess of stipulated ranges, based on his criminal history category, set forth in the plea agreement. Additionally, the plea agreement stated:

> If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement with the exception of a mitigating role adjustment under U.S.S.G. § 3B.1.2.

Plea Agreement (CR 16-1145, Doc. 23, p. 4). The plea agreement also provided:

> Provided the defendant receives a sentence in accordance with this fast-track plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction . . . , the entry of judgment against the defendant, or any aspect of the defendant's sentence-including the manner in which the sentence is determined an any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed 188 months imprisonment. The defendant further waives: . . . (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack . . . The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

(*Id*. at 5-6).

The pre-sentence report calculated a guideline range with a total offense level computation of "31" and a role assessment adjustment of "none." PSR (Doc. 27, pp. 4-5) Counsel for Ortiz-Arias filed an Objection to the PSR arguing Ortiz-Arias' "participation in the grand scheme of the criminal activity warrants a mitigating role designation/adjustment" because he was substantially less culpable than other participants:

> Specifically, (1) Defendant's task was to drive a car from Mexico to the United States. (2) Mr. Ortiz-Arias did not know where the drugs were hidden in the car. (3) Defendant did not know what type of drug was hidden in the car. (4) Defendant was not the owner of the methamphetamine in this case. (5) He was not told who owned the drug. (6) Defendant did not know who it was going to be delivered to. (6) Mr. Ortiz-Arias was insulated from the decision-making process of the criminal

activity. (7) Defendant had no authority to dictate how this criminal activity transpired. (8) He had no knowledge of the scope and structure of the criminal activity. (9) Defendant had no proprietary interest in the criminal activity. (10) Lastly, Mr. Ortiz-Arias had no influence and no discretion as to the overall criminal activity.

Objection (Doc. 28, pp. 2-3). The government filed a response.[1] Counsel for Ortiz-Arias also filed a Sentencing Memorandum in which he discussed, *inter alia*, a minimum role reduction and Ortiz-Arias' history and characteristics (e.g., business owner, parent, family provider, and but for this case, a tax-paying and law-abiding citizen of Mexico with no prior criminal history in the United States or in Mexico).

During the January 13, 2017, sentencing in this matter, counsel argued Ortiz-Arias was entitled to a minor role adjustment. The Court sustained that objection and found Ortiz-Arias was entitled to a minor role reduction of two levels based on his role in the case. Counsel also argued Ortiz-Arias' history and characteristics warranted a mitigating variance. Ortiz-Arias was sentenced to the custody of the Bureau of Prisons for a term of 41 months, to be followed by three years supervised release.

On August 28, 2017, Ortiz-Arias filed a document which was docketed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV 17-429, Doc. 1). Ortiz-Arias argued his sentence should be reduced because he is entitled to a minor role reduction and a reduction for aberrant behavior. The Court denied his petition as to these claims. Ortiz-Arias also raised a claim of ineffective assistance of counsel at sentencing. The Court afforded Ortiz-Arias an opportunity to file an amended motion.

Ortiz-Arias filed his Amended Motion November 27, 2017. The Court reviewed the Amended Motion and dismissed Ortiz-Arias' claim as to aberrant conduct. February 16, 2018, Order (Doc. 5). The Court directed the government to file a response as to Ortiz-Arias' ineffective assistance of counsel at sentencing claim. The government has

---

[1] In its response, the government acknowledged a change in its plea policy and stated it would not withdraw from the plea agreement if a mitigating role departure was granted.

filed a response addressing this claim. Ortiz-Arias filed his Second Amended Motion on March 12, 2018. Ortiz-Arias again argued he is entitled to a reduction of sentence based on his minor role and further argued his ineffective assistance of counsel claim.

The government has filed a Notice which states Ortiz-Arias has been released from custody (Doc. 9).[2]

*Reduction in Sentence*

The Court previously denied Ortiz-Arias' claim as to a reduction in sentence regarding aberrant conduct. The Court confirms that denial.

Similarly, the Court has denied Ortiz-Arias' claims as to a reduction in sentence based on a minor role, pointing out that the Court applied a minor role reduction in sentencing Ortiz-Arias. The Court confirms the denial of this claim.

Moreover, the plea agreement provided Ortiz-Arias waived his right to appeal or collaterally challenge his conviction or sentence except for an otherwise-preserved claim of ineffective assistance of counsel. Ortiz-Arias has waived the right to raise these claims.

*Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, Ortiz-Arias must satisfy a two prong test, demonstrating: (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Ortiz-Arias was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984). "Failure to satisfy either prong of the Strickland test obviates the need

---

[2]*See United States v. Reves*, 774 F.3d 562, 564-65 (9th Cir. 2014) (noting "in custody" requirement is jurisdictional and applies at the time the petition is filed).

to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002). Additionally, a defendant's Sixth Amendment right to counsel "extends to the plea bargaining process." *Lafler v. Cooper*, 566 U.S. 562 (2012).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2011), (quoting *Strickland*, 466 U.S. at 689); *Padilla v. Kentucky*, 559 U.S. 356 (2010). In effect, Ortiz-Arias' "burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Ortiz-Arias argues counsel was ineffective because:

> his counsel could [have] done a better representation in his case, based on that counsel did not prepare adequately or present all the matters that might have been raised in mit[i]gation, or that he did not investigate, or develop information regarding oppressive upbringing, or that he is easily angered.

Amended Motion (Doc. 4, p. 6). However, Ortiz-Arias fails to provide any specific facts to support these conclusory allegations. *See e.g. United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) ("Although section 2255 imposes a fairly lenient burden on the petitioner, the petitioner is nonetheless required to allege specific facts which, if true, would entitle him to relief." (internal quotation marks and citation omitted)); *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995) (stating that "a hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations").

Here, counsel did investigate and present mitigating evidence to the Court. Ortiz-Arias has not shown that the presentation of possible additional mitigating evidence would have changed the result. Rather, although the plea agreement provided for a

sentencing range of 70 - 87 months, with reductions included in the guideline calculation, the Court concluded a 33 - 41 month sentencing range was appropriate. The Court then sentenced Ortiz-Arias to 41 months in the custody of BOP. Ortiz-Arias has not shown that additional mitigation would have resulted in a lesser sentence. Indeed, the Court stated during the sentencing proceeding the sentencing range was reasonable in light of the departures Ortiz-Arias received for a minor role reduction and because the government chose not to test the methamphetamine. In other words, Ortiz-Arias has not shown that he was prejudiced by any alleged deficient conduct of counsel.

Moreover, Ortiz-Arias has not shown that counsel was ineffective. Rather, based on the presentation of evidence and argument made by counsel during the sentencing, it is clear counsel did investigate and present mitigating factors. Indeed, counsel submitted a sentencing memorandum which included a 45-page attachment of mitigating materials. When considered with counsel's successful argument regarding a minimal role reduction, "it is difficult to establish ineffective assistance [because] counsel's overall performance indicates active and capable advocacy." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

Similarly, although counsel did not refer to Ortiz-Arias' current conduct as aberrant compared to his history, counsel's emphasis on Ortiz-Arias' history and characteristics clearly showed Ortiz-Arias' conduct in the criminal case was not consistent with his prior conduct.

Further, the decision to argue Ortiz-Arias was law-abiding, respectful, and honest instead of an individual who had an oppressive background and is easily angered was a reasonable tactical decision. *See e.g. Strickland*, 466 U.S. at 689-90. In fact, "[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (citing *Strickland*, 466 U.S. at 690). The Court finds Ortiz-Arias has failed to show that counsel's performance was deficient and has failed to show that he was prejudiced by the alleged deficiency.

IV. *Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the request is brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Ortiz-Arias stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural rulings. A COA shall not issue.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. Ortiz-Arias' Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV17-429, Docs. 1, 4 and 7; CR 16-1145, Doc. 38) are DENIED.

2. Cause No. CV 17-429 is DISMISSED.

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 17-429.

4. A Certificate of Appealability shall not issue in this case.

DATED this 3rd day of July, 2019.

Cindy K. Jorgenson
United States District Judge